IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| QUINCY LEWIS § § *Plaintiff,* § § v. § § EMPLOYBRIDGE OF DALLAS, INC. § AND KENCO LOGISTIC SERVICES, § LLC § § *Defendant.* § | CIVIL ACTION NO. [Removed from the 9th Judicial District Court of Rapides Parish, State of Louisiana] **JURY DEMANDED** |

## NOTICE OF REMOVAL

NOW INTO COURT, comes Defendant, KENCO LOGISTIC SERVICES, LLC, ("Defendant"), by and through undersigned counsel, which hereby removes the action, Docket No. 283670, filed by Plaintiff, QUINCY LEWIS ("Plaintiff"), against Defendant in the 9th Judicial District Court, Parish of Rapides, State of Louisiana, to the United States District Court for the Western District of Louisiana, under 28 U.S.C. § 1332 for the reasons explained below.

### FACTUAL AND LEGAL BASES FOR REMOVAL

1. The basis for removal of this action is that the parties are diverse in their respective citizenships and the amount in controversy exceeds the $75,000 minimum amount for the Court to exercise its diversity jurisdiction.

2. 28 U.S.C. § 1441 provides that "any civil action, brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

3. 28 U.S.C. § 1332 provides that "district courts shall have original jurisdiction of all actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States…"

4. Venue for removal is proper in this District pursuant to 28 U.S.C. § 1446(a).

5. Plaintiff commenced this action by filing a *Petition for Damages* (the "*Petition*") in the 9th Judicial District Court, Parish of Rapides, State of Louisiana, on or about July 14, 2025.[1]

6. In the Petition, Plaintiff named EMPLOYBRIDGE OF DALLAS, INC. and KENCO LOGISTIC SERVICES, LLC (erroneously identified as KENCO LOGISTICS SERVICES, LLC in Plaintiff's petition) and requested service through the Defendants' registered agent for service of process.[2]

7. Plaintiff's claims arise from an alleged work-related incident that occurred on or about March 13, 2025 wherein Plaintiff was struck by a forklift.[3]

8. The Petition asserts that Plaintiff, QUINCY LEWIS, is "a person of the full age of majority and a domiciliary of the Parish of Rapides, State of Louisiana." Accordingly, Plaintiff is a citizen of the State of Louisiana, for purposes of diversity jurisdiction.[4]

9. Plaintiff further alleges that Defendant, EMPLOYBRIDGE OF DALLAS, INC., is a foreign limited liability corporation licensed to do and doing business in the State of Louisiana. Upon information and belief, Defendant, EMPLOYBRIDGE OF DALLAS, INC., was served on July 24, 2025.[5]

---

[1] See Plaintiff's Petition for Damages, attached hereto as **Exhibit A.**
[2] See **Exhibit A**, p. 1, ¶ 1.
[3] See **Exhibit A,** p. 1, ¶ 2.
[4] See **Exhibit A,** p. 1.
[5] See **Exhibit A**, p. 1, ¶ 1.

10. Plaintiff further alleges that Defendant, KENCO LOGISTIC SERVICES, LLC, is a foreign limited liability company licensed to do and doing business in the State of Louisiana, which was served on July 24, 2025.[6]

11. Upon information and belief, Defendant, EMPLOYBRIDGE OF DALLAS, INC., is a corporation wherein its state of incorporation is the State of Georgia, and its principal place of business located in the State of Georgia.[7]

12. As such, Defendant, EMPLOYBRIDGE OF DALLAS, INC., is a citizen of the State of Georgia for purposes of diversity jurisdiction.

13. Defendant, KENCO LOGISTIC SERVICES, LLC, is a limited liability company, with its state of formation in the State of Delaware and its principal place of business located in the State of Tennessee. Its sole member is Kenco US Operating Holdings LLC, a limited liability company, with its state of formation in the State of Delaware and its principal place of business located in the State of Tennessee.

14. As such, Defendant, KENCO LOGISTIC SERVICES, LLC, is a citizen of the States of Delaware and Tennessee for purposes of diversity jurisdiction.

15. Plaintiff asserts in his petition that "as a result of this incident, Plaintiff sustained severe, debilitating, and painful injuries to his head, neck, and body, including but not limited to complex fractures and permanent neurological impairment."[8]

16. Plaintiff further asserts that "Plaintiff has suffered and will continue to suffer: (a) past and future medical expenses; (b) past and future physical pain and suffering; (c) mental

---

[6] See **Exhibit A**, p. 1, ¶ 1.
[7] See Georgia Secretary of State Filing, attached hereto as **Exhibit B**.
[8] See **Exhibit A**, p. 1, ¶ 4.

anguish and emotional distress; (d) lost wages and loss of earning capacity; and (e) permanent disability and disfigurement."[9]

17. In an email dated August 21, 2025, undersigned counsel received correspondence from Plaintiff's counsel advising that Plaintiff is seeking more than $75,000 in damages. Attached to the correspondence are portions of Plaintiff's medical records from his initial treatment for injuries allegedly sustained in the subject incident. Plaintiff's counsel indicated that she does not yet have all of Plaintiff's medical treatment records, and it is alleged that Plaintiff is still undergoing treatment. Thus, the medical records provided do not reflect the full extent of medical expenses incurred by Plaintiff to date.[10]

18. According to Plaintiff's medical records, Plaintiff went to the emergency room after the subject incident and had an orthopedic consultation which revealed fractures in his right foot. He was then required to wear a boot and use crutches for immobilization of his fractured foot.[11]

19. Plaintiff's medical records further indicate that he reported pain in his (1) right lower leg; (2) right ankle; (3) right foot; (4) right hip; (5) bilateral neck; (6) bilateral upper back; and (7) bilateral lower back.[12]

20. The nature of Plaintiff's alleged injuries and damages are such that would exceed the jurisdictional threshold of $75,000.

21. This action was not removable on the face of the Petition because Plaintiff failed to include an allegation to establish or defeat jurisdiction in Federal Court pursuant to Louisiana law, La. C.C.P. art. 893(A)(1). Namely, Plaintiff failed to allege whether his claims are below or above the $75,000 threshold for diversity removal.

---

[9] See **Exhibit A**, p. 2, ¶ 6.
[10] See August 21, 2025 Correspondence from Plaintiff's Counsel, attached hereto as **Exhibit C.**
[11] See Plaintiff's medical records, attached hereto as **Exhibit D,** DEF 024.
[12] See **Exhibit D**, DEF 019-021.

22. However, in the email dated August 21, 2025, Plaintiff's counsel advised that Plaintiff is seeking more than $75,000 in damages, which unequivocally affirms that the amount in controversy exceeds $75,000 exclusive of interests and costs.[13]

23. The time in which Defendants herein may remove this action has not yet expired. This Notice of Removal is filed within thirty (30) days of receipt, which was the date of service of the petition, of a copy of the initial pleading setting forth the claim for relief upon which this action is based.

24. Thus, this action is removable because there exists complete diversity between the parties and the extent of Plaintiff's alleged injuries and damages are such that the amount in controversy exceeds the jurisdictional threshold of $75,000.

## DIVERSITY OF CITIZENSHIP & AMOUNT IN CONTROVERSY

25. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because this is a civil action between citizens of different sates which involves an amount in controversy exceeding $75,000. Therefore, this matter is removable pursuant to 28 U.S.C. § 1441(a).

26. Complete diversity of citizenship exists between Plaintiff and Defendants on the date of the filing of this lawsuit and it exists on the date of this removal. Plaintiff, QUINCY LEWIS, is a citizen of the State of Louisiana. Defendant, KENCO LOGISTIC SERVICES, LLC, is a citizen of the States of Delaware and Tennessee. Defendant, EMPLOYBRIDGE OF DALLAS, INC., is a citizen of the State of Georgia.

27. As a result of the foregoing, the parties are completely diverse in their citizenship and the Court has original jurisdiction pursuant to 28 U.S.C. § 1332; therefore, Defendant is entitled to remove this action to federal court pursuant to 28 U.S.C. § 1441.

---

[13] See **Exhibit C.**

28. Louisiana generally disallows any reference to monetary damages in a *Petition* asserting tort claims.[14] Nonetheless, the article states that "if a specific amount of damages is necessary to establish. . . the lack of jurisdiction of federal courts due to insufficiency of damages . . . a general allegation that the claim exceeds or is less than the requisite amount ***is required***."[15]

29. Where the amount of damages is not stated with specificity, the removing defendant is required to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F. 3d 848, 850 (5th Cir. 1999); *Allen v. R&H Oil & Gas Co.*, 63 F. 3d 1326, 1335 (5th Cir. 1995).

30. The removing party can satisfy this burden in one of two ways: (1) it must establish that it is facially apparent from the complaint that the claims likely exceed $75,000, or (2) it must establish the facts in controversy or present "summary judgment-type" evidence to show that the amount in controversy is met. See *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003); see also *Lafayette Cit-Parish Conso. Gov't. Chain Elec. Co.*, 2011 U.S. Dist. 2011 WL 4499589, *6 (W.D. La. Sept. 22, 2011) (citing *White v. FCI USA, Inc.*, 319 F. 3d 672, 675 (5th Cir. 2003)); *Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999); and *Allen, supra*, 63 F. 3d at 1335 (5th Cir. 1995)).

31. Allegations from which it can be inferred that the jurisdictional amount is in controversy include a prayer for past and future medical expenses, past and future lost wages, past and future pain and suffering, and past and future disability. *Buchana v. Wal-Mart Stores, Inc.*, 1999 WL 1044336, *3 (E.D. La. 11/17/99) (*citing De Aguilar v. Boeing Co.*, 47 F. 3d 1404, 1412 (5th Cir. 1995)).

---

[14] La. C.C.P. art. 893(A)(1).
[15] *Id.*

32. Allegations of damages in the form of "pain and suffering, mental anguish, loss of enjoyment of life, disability, and a variety of past and future expenses related to medical treatment" have been held to be facially sufficient to meet the $75,000 jurisdictional amount in controversy. *Corkern v. Outback Steakhouse of Fla., Inc.*, 2006 WL 285994, *4 (E.D. La. Feb. 6, 2006); *see also, Gebbia v. Wal-Mart Stores, Inc.*, 233 F. 3d 880, 883 (5th Cir. 2000) (holding the amount in controversy for removal jurisdiction is met where a plaintiff alleges damages in the form for "medical expense, physical pain and suffering, mental anguish and suffering, loss of enjoyment, loss of wages and earning capacity, and permanent disability and disfigurement).

33. Further, "[g]eneral and special damages of the kind claimed by Plaintiffs, when combined, typically exceed the jurisdictional threshold." *Chandler v. Ruston Louisiana Hospital Co., LLC*, 2014 WL 1096365, at *3 (W.D. La. March 19, 2014).

34. While Plaintiff did not expressly plead an amount of monetary damages sought, the nature of Plaintiff's alleged injuries and damages indicate that the damages will exceed of $75,000.

35. Notably, Plaintiff claims to have sustained damages in the form of injuries to his body, including but not limited to his head, neck, and body, complex fractures and permanent neurological impairment; along with (a) past and future medical expenses; (b) past and future physical pain and suffering; (c) mental anguish and emotional distress; (d) lost wages and loss of earning capacity; and (e) permanent disability and disfigurement."[16]

36. Plaintiff's medical records further report that following the subject incident, Plaintiff sought immediate medical attention and presented to the emergency department. He underwent an orthopedic evaluation, which confirmed that he sustained multiple fractures in his right foot. In addition, Plaintiff sustained an open wound on his right foot. As part of the treatment

---

[16] See **Exhibit A**, p. 2 ¶ 6.

protocol, Plaintiff was prescribed a medical walking boot to stabilize the injured area and was instructed to use crutches in order to keep weight off the affected foot and facilitate proper healing through immobilization.[17]

37.     In addition to the fractures in his right foot, Plaintiff's medical records document that he reported experiencing pain in multiple regions. Specifically, he complained of pain in the following areas: (1) right lower leg; (2) right ankle; (3) right foot; (4) right hip; (5) the cervical region of the spine (bilateral neck); (6) upper thoracic region (bilateral upper back); and (7) the lumbar region (bilateral lower back). These reports suggest a broader pattern of musculoskeletal trauma.[18]

38.     Radiographic reports included in Plaintiff's medical records indicate that Plaintiff sustained: (1) straightening of the cervical lordosis likely due to muscle spasm following trauma; (2) early degenerative joint disease noted throughout the cervical spine; (3) mild to moderate degenerative joint disease at the L4-S1 site with decreased disc space at L5-S1 and foraminal encroachment at that level; (4) significant pelvic imbalance with the right illum higher than the left; (5) fracture of the 4th metatarsal on right foot.[19]

39.     Plaintiff's limited medical records in undersigned counsel's possession indicate past medical expenses in the amount of $5,167.00, the remaining past medical expenses are alleged to be sizeable, and Plaintiff is anticipated to incur additional and significant medical expenses for future medical treatment.[20]

40.     Before the subject incident, Plaintiff was employed by Proctor & Gamble. It is alleged that, due to the injuries sustained, Plaintiff has been unable to return to work and has

---

[17] See **Exhibit D**, DEF 012-024.
[18] See **Exhibit D**, DEF 019-021.
[19] See **Exhibit D**, DEF 015-016.
[20] See **Exhibit D**, DEF 003-010.

remained out of work for approximately six months to date. Plaintiff has also filed a Workers' Compensation claim. Although undersigned counsel does not currently possess documentation supporting the Plaintiff's wage loss claims, the duration of time already missed and the potential for continued absence from work indicates that Plaintiff's wage loss claim is of substantial value.

41. Accordingly, due to the claims herein that Plaintiff has sustained bodily injuries and lost wages giving rise to types of damages in the form of the previously specified particulars, the jurisdictional amount in controversy has been met.

## REMOVAL PROCEDURE

42. A copy of this Notice of Removal is being served upon Plaintiff through his counsel of record. A copy of the Notice to the Clerk of Court for the 9th Judicial District Court, which will be filed in that court, is also attached hereto.[21]

43. A copy of the state court pleadings has been requested and will be filed upon receipt of same.[22]

44. Accordingly, "all Defendants properly joined and served" have consented in the removal of this action in compliance with the requirements of 28 U.S.C. § 1446(b)(2).[23]

45. Defendant will hereafter file such other additional documents and pleadings as may be required by 28 U.S.C. § 1447(b), or any Local Rule or other law or rule.

46. Defendant reserves and maintains it right to assert any defenses and submit motions in response to the *Petition*, including but not limited to those defenses and motions specifically enumerated in Rule 12(b) of the Federal Rules of Civil Procedure, any other Rule and any other applicable law or rule.

---

[21] See State Court Notice of Removal, attached hereto as **Exhibit E.**
[22] See Correspondence to Clerk requesting suit record attached hereto as **Exhibit F.**
[23] See Notice of Consent to Removal, attached hereto as **Exhibit G.**

**WHEREFORE**, Defendant, KENCO LOGISTIC SERVICES, LLC, prays that the action "QUINCY LEWIS VERSUS EMPLOYBRIDGE OF DALLAS, INC. AND KENCO LOGISTICS SERVICES, LLC, bearing Docket Number 283670, Division A in the 9th Judicial District Court for the Parish of Rapides, Louisiana" be removed therefrom to this Honorable Court.

Respectfully submitted:

LEAKE ANDERSSON, L.L.P.

JASON R. BONNET, #25802
Leake & Andersson LLP
1100 Poydras Street, Suite 1700
New Orleans, LA  70163-1701
Tel:  504-585-7500
Fax:  504-585-7775
Email:  jbonnet@leakeandersson.com

*/s/ Joshua K. Trahan*
JOSHUA K. TRAHAN, #30766, T.A.
MELISSA P. LAM, #41303
3861 Ambassador Caffery Pkwy, Suite 175
Lafayette, Louisiana 70503
Phone: (337) 233-7430
Fax: (337) 350-3005
Email:  jtrahan@leakeandersson.com
         mlam@leakeandersson.com

**Counsel for Kenco Logistic Services, LLC (Defendant)**

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing pleading has been delivered to all counsel of record, either by depositing a copy of same in the United States mail, first class postage prepaid, at their last known address of record, or by hand delivery, or by facsimile transmission, or by electronic transmission, or by ECF Notice on this 22nd day of August, 2025 at their last known address of record.

                                                */s/ Joshua K. Trahan*
                                                JOSHUA K. TRAHAN